UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AARON EISENBERG,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>SAJ LOGISTICS NY, LLC, et al.<br><br>　　　　　　Defendants. | Hon. Claire C. Cecchi<br>Civil Action No. 11-cv-6282 (CCC-JAD)<br><br>OPINION |

This matter comes before the Court upon motion by Aaron Eisenberg ("Plaintiff") to transfer venue pursuant to 28 U.S.C. § 1404 to United States District Court for the Eastern District of New York. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. Upon consideration of the parties' submissions, and for the reasons stated below, Plaintiff's motion is granted.

**I.　BACKGROUND**

Plaintiff originally filed this action[1] against SAJ Logistics NY, LLC, Jay Lindauer, Alan Lindauer, Chingford Ltd. n/k/a Global Sports Brand, Ltd., Inside Track, Inc., SAJ Logistics, Inc., Fashion Forward, Inc., International Brands, Inc., Pioneer Sales Group, Inc., and Cruise Ship Supply, Inc. (collectively "Defendants") in New Jersey Superior Court, Chancery Division, Morris County.[2] On October 25, 2011, Defendants removed this action to this Court.

---

[1] Plaintiff originally filed an Order to Show Cause in state court. As Plaintiff was advised during the December 6, 2011 and December 7, 2011 conferences, no Order to Show Cause was pending in this Court. Plaintiff was further advised that he was entitled to file an Order to Show Cause if he wished, but no Order to Show Cause was ever filed. Accordingly, no motion for emergent relief was ever pending before this Court.
[2] Plaintiff's original Complaint and Order to Show Cause was filed on September 9, 2011 and named SAJ Logistics NY, LLC, Jay Lindauer, Alan Lindauer as Defendants; on October 13, 2011, Plaintiff filed an Amended Complaint that

1

During conferences before the Honorable Claire C. Cecchi, U.S.D.J. on December 6, 7, and 9, 2011, the parties discussed a possible change of venue.[3] Specifically, on December 6, 2011, at the initial conference before Judge Cecchi, Defense counsel stated, on the record, the following:

> [Defense counsel]: It has been my position from [the] get go that we did start in New York... And we would have no problem going back to New York. The agreements are governed by New York law.
>
> The Court: Is that what they say?
>
> [Defense counsel]: That's what they say. They do not have a venue provision, but they do have a choice of law provision. The only entity – we moved for removal and diversity. Everybody on my side of the beat is in New York. The only person in the litigation that has any contacts with New Jersey is Mr. Eisenberg.
> You know, as a result we have got, we have got long arm jurisdictional issues. We have got forum non conveniens issues. Our accountant is in New York City. All of the witnesses are either in New York County or Nassau County on Long Island. So it's, it's been a struggle for us to understand why we have been in New Jersey all along.

Dec. 6, 2011 Tr. at p. 11, lines 1-18 (ECF 32-7).

During the December 7, 2011 conference, Plaintiff indicated he would consent to Defendants' apparent request to a change of venue to New York. However, in response, Defendants stated that they had not "necessarily made the decision to make [an] application" for change of venue. Dec. 7, 2011 Tr. at p. 7, lines 17-20 (ECF 30). Defense counsel further stated they would have to confer with their clients because, based on how the December 6, 2011 conference progressed, they no longer believed they were looking to transfer the case. On

---

also named Chingford Ltd. n/k/a Global Sports Brand, Ltd., Inside Track, Inc., SAJ Logistics, Inc., Fashion Forward, Inc., International Brands, Inc., Pioneer Sales Group, Inc., and Cruise Ship Supply, Inc. as Defendants.

[3] During the December 6, 2011 conference, the parties also relayed to the Court the history of litigation between the parties; initially, Defendants filed an action on the underlying note between the parties in New York state court, then Plaintiff filed the instant action for equitable relief in New Jersey state court (which the Defendants subsequently removed to this Court), and finally, Defendants filed a second action in New York state court to enforce the restrictive covenant between the parties. Although these actions are distinct, they all relate to the underlying business relationship between the parties and evince an intent by the Defendants to litigate in New York.

December 9, 2011, Defendants confirmed that they would *not* be seeking a transfer of the case to New York.

On January 6, 2012, Plaintiff filed the instant motion to change venue to United States District Court for Eastern District of New York.[4] Defendants oppose the motion.

## II.   STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1404(a), the Court may transfer a case to any venue where it may have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "The purpose of § 1404(a) is to avoid the waste of time, energy and money and, in addition, to safeguard litigants, witnesses, and the public against avoidable inconvenience and expense." *Rappoport v. Steven Spielberg, Ing.*, 16 F. Supp. 2d 481, 497 (D.N.J. 1998).

"The terms of § 1404(a) set forth three factors to consider when determining whether to transfer a matter: (1) the convenience of the parties, (2) the convenience of the witnesses, and (3) the interests of justice." *Id.* "In addition to the factors enumerated in the statute, the Third Circuit has established a list of public and private interests that should also be considered when deciding whether to transfer an action:

> The private interests have included: plaintiff's forum preference as manifested in the original choice; the defendant's preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses—but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records (similarly limited to the extent that the files could not be produced in the alternative forum).

---

[4] Though captioned strictly as Motion for Transfer of Venue, in the Notice of Motion and Proposed Order, Plaintiff indicates he is seeking attorney fees and costs incurred in connection with this Motion. Nowhere in Plaintiff's brief does he address whether an award of attorney's fees is appropriate other than to suggest Defendants' change in position with regard to venue can only be viewed as an attempt to delay the matter and force Plaintiff to incur attorney's fees. This Court is unable to find that Plaintiff should be awarded attorney's fees and costs; Plaintiff is the one who originally filed his Complaint in New Jersey when he could have filed in New York from the outset. Furthermore, though Defendants clearly indicated their preference for New York, they never filed a formal motion, nor were they required to do so. Accordingly, to the extent Plaintiff is seeking attorney's fees and costs, his Motion is denied.

> The public interests have included: the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases.

*Johnson v. RiteAid*, No. 10-2012, 2011 WL 2580375, at *2-3 (D.N.J. June 28, 2011) (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995)).

"[T]he moving party has the burden of persuasion on a motion to transfer." *Rappoport*, 16 F. Supp. 2d at 502. "A plaintiff seeking to transfer the venue of an action pursuant to § 1404 *typically* must demonstrate a change in circumstance that has occurred since the filing of the action which warrants a change of venue." *Id.* at 501 (emphasis added). However, a "[t]ransfer analysis under § 1404 is a flexible and individualized analysis and must be made on the unique facts presented in each case." *Id.* at 498. "There is no rigid rule governing a court's determination; 'each case turns on its facts.'" *Id.* (citing *Lacey v. Cessna Aircraft Co.*, 862 F.2d 38, 43 (3d Cir. 1988)).

### III. DISCUSSION

At the outset, the Court notes that *both* parties are engaging in a strategic gamesmanship with regard to venue, no one side greater than the other. Nonetheless the motivations underlying the parties' positions with regard to transferring venue are of no moment; whether this case should be transferred depends on the principles enunciated above.

As a preliminary matter, this Court must determine whether this case could have originally been brought in the Eastern District of New York. "This requirement is satisfied if, at the time the case was originally filed: (i) venue was proper in the proposed transferee district under 28 U.S.C. § 1391 and (ii) the proposed transferee district could have exercised personal

jurisdiction over the defendants." *Siemens Financial Services, Inc. v. Patel*, No. 09-5079, 2010 WL 2521769, at *2 (D.N.J. June 15, 2010).

Under 28 U.S.C. § 1391(a), venue in actions based on diversity jurisdiction is appropriate in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the venue occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a). A corporation is "deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. 1391(c).

It is apparent from the Notice of Removal, and Defendants' Brief in Opposition, that all Defendants reside in New York; the individual defendants reside in New York, and the corporate defendants are all corporations "in good standing with offices in the County of Nassau, State of New York." Br. in Opp. at 6 (ECF 36). Accordingly, venue in this matter is appropriate in the Eastern District of New York. Additionally, the United State District Court for the Eastern District of New York could exercise personal jurisdiction over the Defendants had the action been filed there because the Defendants are residents of New York. Therefore, the requirement of § 1404(a) that the transferee district is one in which the case "might have been brought" is satisfied.

The Court now turns to the private and public interests. As to the private interests, the Court will first address the conundrum presented by the first two private interest factors, i.e. plaintiff's forum preference as manifested in the original choice and the defendant's preference. Normally, a plaintiff's choice of forum is a "paramount concern" and "the choice is entitled to [even] greater deference when a plaintiff chooses its home forum." *Rappoport*, 16 F. Supp. 2d at

499 (internal citations omitted). "Indeed, unless the balance is strongly tipped in favor of the defendant, the plaintiff's choice of forum should not be disturbed." *Id.* (internal citations omitted). Here, however, Plaintiff originally filed in his home forum, New Jersey (albeit in state court), but is now the party moving to transfer the case to New York; in short, *Plaintiff* is the one looking to disturb his original choice of forum. On the other hand, Defendants are opposing any transfer to New York—even though they previously articulated, on the record, all the reasons why New York is a more appropriate venue, and it was only after the initial conference with Judge Cecchi and Plaintiff's subsequent consent to a transfer that Defendants pulled an about face to argue that New Jersey is the more appropriate venue. Given the apparent gamesmanship engaged in by both sides, this Court finds that neither party's preference is entitled to great weight, and, effectively, each party's preference negates that of the other, thereby rendering these two factors neutral.

    As to the rest of the private interest factors, this Court finds they weigh in favor of transfer. The heart of this controversy concerns the business relationships between the parties, and businesses predominantly operate out of New York; thus, New York has a closer connection to the operative facts of this lawsuit. Given the proximity between the two districts, neither district can be said to be inconvenient for the parties or witnesses; however, since all of the Defendants, as well as the Defendants' accountant and most, if not all, of the records, are found in New York, this factor weighs in favor of transfer. Based on the foregoing, this Court finds the private interests weigh in favor of transfer.

    As to the public interests, the Court finds they weigh in favor of transfer. The applicable law, at least as to any of the contractual claims given the contract's choice of law provision, will likely be New York law. Moreover, given that this case encompasses the operations of New

York corporations, New York has a local interest in having this controversy decided in New York. The practical considerations that could make the trial easy, expeditious or inexpensive do not weigh greatly in favor of either fora given the close proximity of the two districts, but tip slightly in favor of New York given that all of the Defendants, as well as most of the witnesses and records, are found in New York. The rest of the public interest factors are neutral; there is no concern regarding the enforceability of a judgment in this action in either New York or New Jersey, and concerns over court congestion do not play a factor. Accordingly, on balance, the public interests weigh in favor of transferring this action to the Eastern District of New York.

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff's motion to transfer the case to the United States District Court for the Eastern District of New York is granted.

_____
Joseph A. Dickson, U.S.M.J.

cc.  Honorable Claire C. Cecchi, U.S.D.J.